## LAMSON BLDG. CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9633.

Circuit Court of Appeals, Sixth Circuit.

March 20, 1944.

W. A. Belt, of Toledo, Ohio (Marshall, Melhorn, Wall & Bloch, of Toledo, Ohio, on the brief), for petitioner.

Newton K. Fox, of Washington, D. C. (Samuel O. Clark, Jr., Sewall Key, A. F. Prescott, and Newton K. Fox, all of Washington, D. C., on the brief), for respondent.

Before SIMONS, HAMILTON, and MARTIN, Circuit Judges.

SIMONS, Circuit Judge.

For each of the taxable years 1928 to 1938, the petitioning taxpayer had deducted in its income tax returns, without objection by the respondent, depreciation on buildings and equipment leased to another company, at rates ostensibly based upon their useful life. For 1939 and 1940 the Commissioner asserted deficiencies on the sole ground that the buildings and equipment, having been leased for a term of 75 years, the depreciation should be spread over the term of the lease. The Tax Court sustained the Commissioner on the ground that there was a lack of evidence to overcome his determination of a reasonable allowance.

The case was submitted upon an agreed stipulation of facts. It recited that the taxpayer had entered into a lease for the premises involved, with the Lamson Brothers Company, lessee, for a term commencing March 1, 1928, and running for 75 years, to midnight February 28, 2003, and in paragraph (6) that the issue in the pro-

ceeding was whether the building should be depreciated over the term of the lease or whether the depreciation should be allowed as set forth in the petitioner's returns for the taxable years ending January 31, 1939, and January 31, 1940, at the rates and on the cost basis therein set forth. In such returns the cost and rate of depreciation of each item of depreciable property were listed in a schedule, and it is agreed that both costs and depreciation rates are the same as those set forth in the petitioner's returns for the tax years 1928 to 1938. Paragraph (7) of the stipulation recites:

"If it be determined in this proceeding that said building is not to be depreciated over the term of said lease, to-wit, until midnight February 28, 2003, then petitioner shall be allowed deductions for depreciation sustained in the amount of $29,546.96 for 1939, and $29,340.72 for 1940, as claimed in the returns filed for said years on the cost basis and rates set forth in the preceding paragraph (6)."

It is the contention of the petitioner that this stipulation concedes the accuracy of its cost basis on building and equipment, the reasonableness of its judgment as to their useful life and the reasonableness of the rates of depreciation upon which deductions were computed. While there is no statement in the tabulation as to the useful life of buildings or items of equipment, this is, of course, readily ascertainable by simple computation based upon the annual rate of depreciation claimed. The Commissioner, however, contends that the stipulation does not prove the ultimate facts necessary to sustain the taxpayer's claim, or to overcome the presumption of correctness which attaches to his own determination of what is a reasonable allowance for depreciation. He insists that the conclusions which the taxpayer seeks to draw, fail to cure its omission to prove essential facts. Amortization, he contends, may be spread over the term of a lease or be based upon the life of a building, but which method is to be applied in a particular case necessarily depends upon its facts, and these the taxpayer failed to so develop that the Tax Court might be able to decide whether one method or the other should be applied. The burden was upon the taxpayer not only to prove the Commissioner's determination wrong, but also clearly to establish the reasonableness of the depreciation claimed, and unless the evidence shows the findings of the Tax Court to be clearly erroneous we are bound by its decision.

Section 23 of the Internal Revenue Code, Title 26 U.S.C.A., provides that in computing net income there shall be allowed as deductions: "(l) Depreciation. A reasonable allowance for the exhaustion, wear and tear of property used in trade or business, including a reasonable allowance for obsolescence. * * *" Regulation 102 of the Treasury Department, § 19.23(L)-1, recites: "For convenience such an allowance will usually be referred to as depreciation excluding from the term any idea of mere reduction in market value not resulting from exhaustion, wear and tear or obsolescence. The proper allowance for such depreciation of any property used in the trade or business, is that amount which should be set aside for the taxable year in accordance with a reasonably consistent plan (not necessarily at a uniform rate), whereby the aggregate of the amounts so set aside, plus the salvage value, will, at the end of the useful life of the property in the business, equal the cost or other basis of the property. * * * Due regard must also be given to expenditures for current upkeep. * * * Property kept in repair may nevertheless be the subject of a depreciation allowance."

The petitioner urges that the rule for computing depreciation on leased property, is that the cost of improvements may be deducted over their life or the terms of the lease, whichever is shorter. It urges that this rule has been applied by the Board of Tax Appeals in numerous cases, unnecessary to cite, the single exception being a memorandum decision of the Board in Castleton Co. v. Commissioner, 29 B.T.A. 1435. Whether this decision is distinguishable from the present case, it is unable to say because of the paucity of clearly developed facts in the memorandum, but if not distinguishable it insists that the rule there applied is erroneous. We find it unnecessary to pursue inquiry into the consistency of the Board's holdings. The rule governing computation was, quite early in the history of income tax litigation, thought to be that capital expenditures must be prorated over the life of the improvements or the life of the lease, whichever is shorter. Duffy v. Central R. Co., 268 U.S. 55, 62, 45 S.Ct. 429, 69 L.Ed. 846. This was decided in respect to a regulation of

the Treasury Department governing the application of the Revenue Act of 1916. Whether, and if so when, such regulation was superseded ,by the present regulation, we are not advised. We do not deem the matter important, however, because the statute presently considered permits a reasonable allowance for obsolescence, and the current regulation requires that the capital sum to be recovered shall be charged off over the useful life of the property, and that while expenditures for current upkeep are to be considered, property kept in repair may nevertheless be the subject of a depreciation allowance.

There is intrinsic fairness in basing depreciation upon the single standard of useful life, if we are right in concluding that such standard is, under the regulations, alone applicable. Should the tenant default and the lessor repossess the property, he has not been deprived of his full measure of depreciation allowance, and in the case of a short term lease, the Treasury is not deprived of revenue by an inordinate depreciation rate during the term of the lease. On the other hand, if a new building replaces the old, after invested capital has been fully recovered by depreciation deductions, its value or so much of it as remains after the expiration of a long term lease, is doubtless a gain to the lessor under applicable rules.

The issue before the Tax Court was primarily the extent of useful life in the property sought to be depreciated, and, as we understand the decision, the tax judge assumed that there was no evidence or concession as to its useful life, and so concluded that the presumption of the reasonableness of the Commissioner's allowance had not been overcome. Earlier allowances of deductions upon the same cost basis and at the same rates, were, probably rightly, considered inconclusive, because approval may have been based upon erroneous considerations. The decision, however, overlooks inescapable implications of the stipulation and concessions otherwise made at the hearing, and it would seem idle to require proof of clearly conceded facts.

Lenox Clothes Shops, Inc., v. Commissioner, 6 Cir., 139 F.2d 56.

In the statement of the issue before the Tax Court on behalf of the petitioner, it was clearly brought out that the only question to be decided was whether the property should be amortized over the period of its useful life or over the term of the lease. With this statement counsel for the Commissioner unequivocally agreed, his only point of difference with the taxpayer being that it was not entitled to depreciate the building over its physical life, in reliance upon the Castleton case and on the provisions of the lease which required replacement of the building if destroyed. The only question, therefore, before the Tax Court, was whether the useful life of the property involved was the period disclosed by the returns or a period equivalent to the term of the lease. Upon this being inquired into by the tax judge, the following colloquy took place:

"Mr. Bloomenthal (for the Commissioner): That question your Honor mentioned, was considered but we came to the conclusion that the terms of the lease don't absolutely arrest depreciation within the meaning of the cases which your Honor probably has in mind, so we are allowing depreciation to the lessor, but we insist that it be spread out over the term of the lease.

"Judge Sternhagen: I was thinking of what I understand to be the admitted fact, that the physical life of the building is less short than the life of the lease.

"Mr. Bloomenthal: Yes."

It therefore appears, with great clarity, from the stipulation and the colloquy, that the Commissioner's only point was that the depreciation should be computed over the term of the lease, that if not so computed the taxpayer's cost bases, its rates of depreciation, and the period of useful life for the property indicated by the depreciation rates, were fair and reasonable and should be allowed.

The decision of the Tax Court is reversed and the cause remanded for further proceedings consistent herewith.