CENTURY ELECTRIC COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13115. Promulgated October 31, 1950.

582

H. M. Stolar, Esq., Alfred O. Heitzmann, Esq., and Norman Begeman, Esq., for the petitioner.

Gene W. Reardon, Esq., for the respondent.

584

590

JOHNSON, *Judge:* Petitioner corporation as of December 1, 1943, conveyed certain foundry property described in our findings of fact

to the Trustees of William Jewell College. The consideration stated in the deed was $150,000, which amount was paid in cash to petitioner. It is stipulated that the adjusted basis of the property was $531,710.97, and that the property was used in petitioner's business. As of the date of the conveyance petitioner leased back from the Trustees of William Jewell College the same property. It is petitioner's position that it incurred a deductible loss in 1943 of $381,710.97 under section 112 (a),[1] Internal Revenue Code.

Respondent disallowed the claimed loss. One of the grounds given by respondent for his position, among several alternative grounds, is that "the transfer of property in consideration for $150,000.00 and a leasehold constitutes an exchange of like property under which no deductible loss is recognizable" under sections 112 (b) (1) [2] and 112 (e),[3] Internal Revenue Code, and Regulations 111, section 29.112 (b) (1)–1.[4]

Respondent asserts, and petitioner does not dispute, that the lease-hold received by petitioner, the lessee, to the foundry property herein constituted "a leasehold of a fee with 30 years or more to run." (See Regulations 111, section 29.112 (b) (1)–1, *supra.*) The indenture of lease provided:

* * * the term of this lease shall be divided into eight periods, the first of which shall be for twenty-five (25) years, and the seven remaining periods shall each be for ten years and shall run consecutively, so as to make this lease continuous in its operations from the beginning until its final termination;

[1] SEC. 112. RECOGNITION OF GAIN OR LOSS.

(a) GENERAL RULE.—Upon the sale or exchange of property the entire amount of the gain or loss, determined under section 111, shall be recognized, except as hereinafter provided in this section.

[The amount determined under section 111 is the excess of the adjusted basis over the amount realized.]

[2] (b) EXCHANGES SOLELY IN KIND.

(1) PROPERTY HELD FOR PRODUCTIVE USE OR INVESTMENT.—No gain or loss shall be recognized if property held for productive use in trade or business or for investment (not including stock in trade or other property held primarily for sale, nor stocks, bonds, notes, choses in action. certificates of trust or beneficial interest, of other securities or evidences of indebtedness or interest) is exchanged solely for property of a like kind to be held either for productive use in trade or business or for investment.

[3] (e) LOSS FROM EXCHANGES NOT SOLELY IN KIND.—If an exchange would be within the provisions of subsection (b) (1) to (5), inclusive, or (10), or within the provisions of subsection (1), of this section if it were not for the fact that the property received in exchange consists not only of property permitted by such paragraph to be received without the recognition of gain or loss, but also of other property or money. then no loss from the exchange shall be recognized.

[4] SEC. 29.112 (b) (1)–1. Property Held for Productive Use in Trade or Business or for Investment.—As used in section 112 (b) (1), the words "like kind" have reference to the nature or character of the property and not to its grade or quality. One kind or class of property may not, under such section, be exchanged for property of a different kind or class. The fact that any real estate involved is improved or unimproved is not material, for such fact relates only to the grade or quality of the property and not to its kind or class. * * *

No gain of loss is recognized if * * * (2) a taxpayer who is not a dealer in real estate exchanges city real estate for a ranch or farm, or a leasehold of a fee with 30 years or more to run for real estate, or improved real estate for unimproved real estate, * * *

provided that the lessee shall have the absolute power to terminate this lease at the end of any one of said eight periods, as hereinafter set forth.

There seems no question, therefore, but that the lessee, petitioner, received a lease for a term of 95 years, subject only to its, the lessee's, right of cancellation. It is not disputed that petitioner was "not a dealer in real estate". (See the cited regulations.)

But petitioner urges that the foundry property was not "exchanged" for the leasehold in that the transaction consisted of a sale of the property to William Jewell College for $150,000 in cash, and a lease-back by the College to petitioner. To be sure, the only consideration stated in the deed conveying the property was the sum of $150,000. But in the special meeting of petitioner's board of directors on December 9, 1943, at which the proposed transaction was approved, petitioner's board of directors specifically adopted a resolution that "as a condition of said sale of property and rights, this corporation will acquire from Trustees of William Jewell College, a Missouri Corporation, an Indenture of Lease." The term and rentals of the lease in the resolution were identical with those incorporated in the actual indenture of lease. The facts clearly show, and petitioner agrees, that the foundry property was necessary in its business and that there was thus never any intention on petitioner's part to discontinue its foundry operations. Hence it is indisputable that petitioner would have made no sale unless along with such sale it could receive a lease-back on the property. Thus the successive steps of sale and lease-back were integrated parts of a single transaction and accordingly that transaction must be adjudged to have consisted of an exchange of real property for cash and a leasehold.

But petitioner contends that "if the transaction be reduced to its substance", it was not an exchange, but "a sale of the fee in the foundry property with the leasehold reserved." However, the facts show, and we see no justification for disregarding them, that petitioner conveyed to William Jewell College a fee simple estate in possession, not in reversion, and that from that estate in possession William Jewell College executed a lease to petitioner.

But, petitioner argues, the type of leasehold contemplated by Regulations 111, section 29.112 (b) (1)–1, *supra*, "is one already in existence—as the usual 99 or 999 year lease possibly partly expired—which can be the property of one person and can be exchanged for real estate belonging to another. Here there was at no time one party with a leasehold and another with real estate." We see no merit in this argument. There is no requirement in the cited regulation of prior existence or of partial expiration for a leasehold to be considered property of like kind with a fee. There is no reason why a leasehold at the beginning of its term may not be so considered. Further-

more, there is no requirement in the statute or regulations that for a transaction to constitute an exchange under section 112 (b) (1), both parties to the transaction must own the properties to be exchanged before the transfer of either property is made. We see no reason why one party may not "exchange" property, within the meaning of the statute, for property the other party is to acquire simultaneously or thereafter. We think that the test of an exchange is not whether the transfers are simultaneous but whether they are reciprocal. As we have already pointed out, petitioner only transferred the foundry property pursuant to resolutions of its board of directors that it receive cash and a lease in return.

But petitioner contends that a fee in property can not be property of like kind with a lease in the same property. We do not agree. There is no requirement in the statute or the regulations that to constitute an exchange of properties of like kind the properties exchanged must not be properties or rights in the same property. Previous decisions of this Court and of the Board of Tax Appeals have, if not explicitly, at least implicitly, rejected the idea that there is such a requirement. In *Standard Envelope Manufacturing Co.*, 15 T. C. 41, where the taxpayer sold and subsequently leased back certain property, this Court, though regarding the sale and lease-back as "one interrelated transaction," held that since the lease was for a term of less than 30 years, it therefore "was not the equivalent of a fee under the terms of section 29.112 (b) (1)–1 of Regulations 111." In *Midfield Oil Co.*, 39 B. T. A. 1154, the taxpayer contended that "the exchange of the Holmans oil and gas payment due out of oil and gas to be produced from the Mitchell lease for the Dawson overriding oil and gas royalty out of the Mitchell lease" was a nontaxable exchange of properties of like kind under section 112 (b) (1). The Mitchell lease had an area of 2.6 acres on which one producing oil well was situated. The Board held that the exchange was not nontaxable, simply on the ground that the rights were substantially different and not of like kind. The implication is that if the rights had been substantially similar, even though from the same lease on the same piece of property, the Board would have held the transaction to be an exchange of properties of like kind.

Petitioner cites *Pembroke* v. *Helvering* (CA–DC, 1934), 70 Fed. (2d) 850; *Skemp* v. *Commissioner* (CCA–7, 1948), 168 Fed. (2d) 598, and *Imperator Realty Co.*, 24 B. T. A. 1010, to support his position that the transaction here was not an exchange. These cases are not applicable. In *Pembroke* v. *Helvering, supra*, the taxpayer leased certain real estate to a tenant for a term of 99 years at an annual rental. As part of this transaction the taxpayer also received from the lessee a conveyance in fee of certain other real estate subject to a mortgage.

The court held that there was no exchange but that the value of the equity in the premises conveyed to the taxpayer at the beginning of the term constituted in effect a payment of rental and was taxable accordingly. Here it would be plainly absurd to regard the conveyance by petitioner of the fee itself in the foundry property as a mere payment of rental on the lease to that same property, nor do we understand petitioner to advocate any such theory. Such a theory would, even if otherwise tenable, leave unexplained the purpose of the payment to petitioner of $150,000.

In *Skemp* v. *Commissioner, supra*, it was held that the rents paid under a sale and lease-back arrangement were deductible by the lessee, a question not at issue here.

In *Imperator Realty Co., supra*, it was held that the assignment of a second mortgage on a certain piece of property in part satisfaction of the sales price of another piece of property was not an exchange of properties of like kind. Clearly that holding has no application to the facts here.

Petitioner does not challenge the validity of Regulations 111, section 29.112 (b) (1)–1, *supra*, directly but he does argue that "the lease, even if it could be said to have been made in exchange for the fee simple title, is not 'property' within the meaning of section 112 (b) (1)". However, it is fundamental that a lease of real estate is property in the hands of the lessee. Am. Jur., "Taxation," ¶435. Moreover, we regard the 95-year lease herein as property of like kind with real property within the meaning of section 112 (b) (1) of the code. Though Tiffany, Real Property, ¶3, points out that leaseholds are personal property under the common law, it adds:

\* \* \* the courts frequently, however, use the expressions "real estate" and "real property" in a broad sense as applicable to any estates in land, whether freehold or less than freehold, as well as to land itself, regarded as the object of rights. And such use of these expressions by the legislatures is exceedingly frequent, \* \* \*.

Here regulations 111, section 29.112 (b) (1)–1, plainly recognizes as an exchange of properties of like kind the exchange of a leasehold of a fee with 30 years or more to run for real estate, and, as we have pointed out, we regard the transaction here as such an exchange. Furthermore, we do not consider the validity of the cited regulation as open to challenge. The validity of Regulations 94, article 112 (b) (1)–1, in all material respects identical with Regulations 111, section 29.112 (b) (1)–1, was upheld in *Commissioner* v. *Crichton* (CCA–5, 1941), 122 Fed. (2d) 181, though there was no question in that case of an exchange of a leasehold of a fee with 30 years or more to run for real estate. The provision in the regulations administratively classify-

ing a leasehold of a fee for 30 years or more as property of like kind with real estate within the purview of the taxing statute was adopted by the Commissioner in his regulations relating to the Revenue Act of 1924 (Regulations 65, article 1572) and such construction has received successive reenactment in subsequent regulations promulgated by the Commissioner. The provision in the statute that no gain or loss be recognized if property held for productive use in trade or business or for investment is exchanged for property of a like kind was first enacted as section 202 (c) (1) of the Revenue Act of 1921 and has been reenacted in successive revenue acts since that time. The long-continued administrative construction has thus been given the force of law by the reenactment of the statutory provision without material change. *Commissioner* v. *Wheeler*, 324 U. S. 542; *Helvering* v. *Reynolds Tobacco Co.*, 306 U. S. 110; *United States* v. *Dakota-Montana Oil Co.*, 288 U. S. 459; *Brewster* v. *Gage*, 280 U. S. 327.

It is accordingly our holding that petitioner having exchanged its foundry property for a leasehold with a term of 95 years and $150,000 in cash, respondent did not err in disallowing the claimed loss of $381,710.97 in 1943 here in question. Despite the receipt of cash the claimed loss is not recognizable under section 112 (e) of the Code, *supra*, the exchange being otherwise within the provisions of section 112 (b) (1) of the Code, *supra*, and Regulations 111, section 29.112 (b) (1)-1, *supra*.

The second issue in this proceeding, which is dependent on our disposition of the first issue, is whether, if the claimed loss is not allowed, petitioner is entitled to depreciation on the foundry building or on the lease after December 1, 1943, and in what amount for 1943. Since petitioner was only the lessee of the foundry property after December 1, 1943, it is not entitled to any depreciation on the foundry building after that date. *Weiss* v. *Wiener*, 279 U. S. 333. However, petitioner is entitled to depreciation on the leasehold which it acquired in exchange for the foundry property. *City Nat. Bank Bldg. Co.* v. *Helvering* (CA–DC, 1938), 98 Fed. (2d) 216. Section 113 (a) (6) of the code provides that the basis for gain or loss of property acquired on a tax-free exchange "shall be the same as in the case of the property exchanged, decreased in the amount of any money received by the taxpayer." Regulations 111, section 29.113 (a) (6)-1, makes similar provisions. These provisions apply also to the basis for depreciation of property acquired upon an exchange. Bureau Bulletin "F", January 1942. The adjusted basis of the foundry property on December 1, 1943, the date of the exchange, being $531,710.97, and the amount of money received by petitioner being $150,000, the basis for depreciation of the leasehold on December 1, 1943, is $381,710.97. Petitioner

is entitled to depreciation thereon, not over the useful life of the foundry building on the land remaining on December 1, 1943, as contended by petitioner, but over the 95-year term of the lease. *City Nat. Bank Bldg. Co.* v. *Helvering, supra; Minneapolis Security Bldg. Corp.*, 38 B. T. A. 1220. The deduction for December 1943 is computable as follows:

1. Basis of leasehold, Dec. 1, 1943_____ $381, 710. 97
2. Term of leasehold 95 x 12_____ 1, 140 months
3. Allowable depreciation for Dec. 1943 (Item 1 divided by item 2)_ 334. 83

We accordingly hold that petitioner is entitled to a deduction for depreciation of its leasehold of $334.83 in 1943.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

MURDOCK, *J.*, dissents.

---

LEECH, *J.*, concurring: Assuming there was an "exchange," I think the petitioner, on this record, has failed to establish the fact of a loss. On this ground I would decide the case, as it has been decided, for the respondent.

TURNER, DISNEY, RAUM, and RICE, *JJ.*, agree with this concurring opinion.