DAVID DAB AND ROSE DAB, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 58808. Filed July 30, 1957.

*Howard A. Rumpf, Esq.*, for the petitioners.
*Jules W. Breslow, Esq.*, for the respondent.

934

## OPINION.

VAN FOSSAN, *Judge:* The first question presented is whether a leasehold for 99 years can be depreciated or amortized over 20 years, the estimated remaining life of a building contained thereon.

Petitioner was a partner in a group which acquired by assignment a leasehold on property at 360 Central Park West, New York City, on January 5, 1949. During the years 1950 and 1951 the partnership depreciated the leasehold on the declining balance method over a period of 20 years—20 years being an estimation of the remaining life of a building contained thereon.

The respondent computed and allowed amortization of the leasehold by the straight-line method over the full term of 99 years.

The petitioner concedes that the straight-line method is the correct method to use but contends that the use of 20 years as the period for depreciation was correct.

We agree with the respondent. The 20-year period had no relevance to the length of the leasehold. It was merely an estimate of the re-

maining useful life of the building. The partnership had no depreciable interest in the building, it did not erect the building, nor did it own it; the building was contained on the leasehold at the time of consummation of the lease.

It has been held that a taxpayer who has a leasehold on land and improvements but no depreciable interest in the improvements as such can neither deduct depreciation for a building contained on the leasehold nor use the life of the building as a base period over which to depreciate the entire leasehold. *City National Bank Building Co.*, 34 B. T. A. 93, affd. 98 F. 2d 216 (1938); cf. *Weiss* v. *Wiener*, 279 U. S. 333 (1929).

Section 29.23 (a)–10 of Regulations 111 [1] allows a taxpayer to take an aliquot part of the purchase price of a leasehold as amortization or exhaustion each year, based on the number of years the lease has to run. This regulation also provides that when the useful life of buildings and improvements erected by the lessee is less than the unexpired term of the lease, the lessee may depreciate these buildings and improvements over their respective lives. The regulation makes no

---

[1] SEC. 29.23 (a)–10. RENTALS.—If a leasehold is acquired for business purposes for a specified sum, the purchaser may take as a deduction in his return an aliquot part of such sum each year, based on the number of years the lease has to run. Taxes paid by a tenant to or for a landlord for business property are additional rent and constitute a deductible item to the tenant and taxable income to the landlord, the amount of the tax being deductible by the latter. The cost borne by a lessee in erecting buildings or making permanent improvements on ground of which he is lessee is held to be a capital investment and not deductible as a business expense. In order to return to such taxpayer his investment of capital, an annual deduction may be made from gross income of an amount equal to the total cost of such improvements divided by the number of years remaining of the term of lease, and such deduction shall be in lieu of a deduction for depreciation. If the remainder of the term of lease is greater than the probable life of the buildings erected, or of the improvements made, this deduction shall take the form of an allowance for depreciation.

In cases in which the lease contains an unexercised option of renewal, the matter of spreading such depreciation or amortization over the term of the original lease, together with the renewal period or periods, depends upon the facts in the particular case. As a general rule, unless the lease has been renewed or the facts show with reasonable certainty that the lease will be renewed, the cost or other basis of the lease or the cost of improvements shall be spread only over the number of years the lease has to run, without taking into account any right of renewal. However, if the taxpayer for any taxable year ending prior to December 31, 1939, has been allowed such depreciation or amortization on the basis of spreading the cost or other basis of such lease or improvements over the number of years the lease has to run, including any exercised or unexercised renewal periods, and such taxable year has been closed on that basis and the tax for that year cannot be redetermined, then the taxpayer may for subsequent taxable years take deductions on such basis if within 90 days after the approval of Treasury Decision 4957 (approved December 6, 1939) or within such later period as may be specified by the Commissioner, he files Form 969, in duplicate, with the *Commissioner of Internal Revenue*, Washington, D. C., attention of the Income Tax Unit, Records Division, signifying his election to have deductions in respect of such items determined upon such basis, and expressly waives his right to claim or receive the benefits of any reduction in his tax liability which would result from the allowance of deductions for such items on the basis of only the number of years the lease has to run, without taking into account any right of renewal, or on any basis other than that set forth in his election. If, in any case, the life of the improvements is less than the number of years the lease has to run, including the renewal period if properly to be considered, the deduction for depreciation with respect to such improvements shall be spread only over such life.

allowance for depreciation by the lessee of buildings and improvements existing on the land at the time of consummation of the lease.

The petitioner cites various cases,[2] all of which are concerned with the depreciation of leaseholds and improvements over original lease periods or original and renewal periods. In each, the improvements were erected by the lessee rather than being in existence at the time of writing of the lease, as in the instant case.

We are of the opinion that the use of 20 years, the remaining life of a building, as a base period for the amortization or exhaustion of the leasehold was clearly erroneous.

The second question is whether the partnership should be allowed to depreciate or amortize its 99-year leasehold over a period of 25 years, the interval between inception of the lease and the first opportunity to terminate.

The petitioner alleges that for all legal and practical purposes a lease for 99 years with options to terminate at the end of the 25th, 50th, and 75th years is the same as a lease for a 25-year original term with stated rights to renew.[3]

We cannot agree. A lease for 99 years with options to terminate before expiration is an entity for 99 years. If no affirmative action is undertaken to end or alter it, it will remain in effect until the term expires.

A lease for a shorter period with options to renew is an entity only for its original term. If no affirmative action is undertaken to alter or renew it, it remains in effect only until expiration of its original period. The two types of instruments cannot be equated.

Section 29.23 (a)–10 of Regulations 111, *supra*, footnote 1, allows depreciation or amortization of the cost of a leasehold over the original or original and renewal period of the lease, *depending upon the facts*. The regulation makes no specific provision for depreciation of a leasehold over less than the full term of a lease incorporating an option to terminate prior to expiration of the term. However, were we to assume petitioner's premise that the two types of leases are equivalents, the conclusion would still be against petitioner. There is no evidence to justify a conclusion that the lessee intended to terminate the lease at the end of 25 years.

Respondent's contention that the leasehold must be depreciated over the entire 99 years is upheld.

[2] *Sheffield Hardware Company* v. *United States*, 48 A. F. T. R. 1382, 54–1 U. S. T. C. par. 9337 (1954) ; *353 Lexington Avenue Corporation*, 27 B. T. A. 762 (1933) ; *379 Madison Avenue* v. *Commissioner*, 60 F. 2d 68 (1932) ; and *Strand Amusement Co.*, 3 B. T. A. 770 (1926).

[3] Petitioner cites Webster's dictionary definitions for the words "terminate" and "renew", as follows : Terminate—to set or form a term or spatial limit—to found—limit—to come to a limit in time. Renew—to grant or obtain an extension of, as in the case of a renewal of a note, or to make a renewal, as in the case of a lease.

The petitioner has introduced no evidence and has, therefore, failed to show why additions to tax imposed by the Commissioner under section 294 (d) (1) (A) and (d) (2) should not be assessed. Therefore, these additions should be added to the deficiencies.

*Decision will be entered for the respondent.*