David DAB and Rose Dab, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 309, Docket 24924.

United States Court of Appeals
Second Circuit.

Argued May 15, 1958.

Decided June 5, 1958.

Morton J. Harris and James E. Brown, Chicago, Ill., for petitioners, Altheimer, Kabaker, Lipson & Naiburg, Marvin E. Pollock and Wisch & Crane, Chicago, Ill., of counsel.

Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Melva M. Graney, and Sheldon I. Fink, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before SWAN, HINCKS and LUMBARD, Circuit Judges.

SWAN, Circuit Judge.

This petition involves deficiencies in income taxes for the calendar years 1950 and 1951 of petitioner David Dab, who will hereafter be referred to as the taxpayer.[1] The case was presented to the Tax Court on a scanty stipulation of facts and the testimony of one witness, a certified public accountant. There is no dispute as to the record facts.

The taxpayer was a member of a partnership which on January 5, 1949 acquired by assignment a 99 year lease, executed on June 7, 1948, between the lessor and the partnership's assignor. The leased premises were located in the City of New York and contained a building erected in 1928 by a predecessor of the lessor. Provisions of the lease gave the lessee an option to terminate it at the end of the 25th, 50th, or 75th year of the term. Using the declining balance method, the partnership depreciated the cost of its leasehold over a period of 20 years, which was its estimate of the remaining life of the building. The Commissioner allowed a deduction for amortization on the straight line method based on the remaining term of the lease and it is conceded that the straight line method was proper. The corrected amortization

---

1. His wife, Rose, joined in the petition only because they filed joint returns for the years in suit.

increased the partnership's ordinary net income and this adjustment produced a proportionate increase in the taxpayer's income in each of the years in suit, resulting in the deficiencies complained of. The Tax Court sustained the Commissioner's action. The petition challenges the correctness of this decision.[2]

 Under § 23(l) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 23 (l) and § 29.23(a) 10 of Treasury Regulations 111, the purchaser of a leasehold acquired for business purposes for a specified sum may recover his capital investment by annual deductions for depreciation spread over the term of the lease. If the leasehold contains a building, the purchaser must show a capital investment in the building as such, before he can depreciate any part of his cost on the basis of the estimated life of the building. City Nat. Bank Building Co. v. Helvering, 68 App.D.C. 344, 98 F.2d 216, 220–221; Century Electric Co. v. Commissioner, 8 Cir., 192 F.2d 155, 160. The Tax Court's opinion states that the partnership had no depreciable interest in the building, which it did not erect and did not own. The petitioners contend that this finding was erroneous both in fact and in law. On the contrary we think it is correct in both respects. There was no evidence that all, or any part, of the cost of the leasehold was intended to be apportioned to the building. None of the partners testified. The only witness had no idea as to the intent of the partners when they purchased. There was no evidence as to the size or condition of the building, the number of tenants, or the amount of rental income. On this record the Tax Court could not possibly find that the entire price was paid for the building and nothing for the long term lease of the land.

 Nor was it possible to apportion the cost of the leasehold between building and land. The lease, it is true, contained provisions that if the whole property should be taken by condemnation or if the mortgage thereon should be foreclosed, the lessee should receive 75% of the condemnation award, or of the surplus proceeds of the foreclosure. But these contingent and uncertain rights do not constitute a capital investment in the building. See Weiss v. Wiener, 279 U.S. 333, 336, 49 S.Ct. 337, 73 L.Ed. 720. Even if the division of the award and surplus foreclosure proceeds was deemed evidence of the relative values of the lessee's and the lessor's interests in the entire leased property, it is no proof that the lessee's share represents its investment in the building as such.

 In oral argument the petitioners suggested that the case be remanded to permit proof as to allocation to the building of some part of the cost of the leasehold. But the Tax Court did not err in not attempting to make such an allocation on the record before it. See Williams v. United States, 5 Cir., 245 F.2d 559, 560–561. In Davison v. Commissioner, 2 Cir., 60 F.2d 50, 52 there was some evidence on which to posit a finding as to an allocation. Here there is none. In these circumstances we think a remand is not appropriate. See 26 U.S. C.A. § 7482 (I.R.C.1954).

 As an alternative contention, the petitioners urge that, for economic and business purposes, a 99 year lease with an option to terminate after 25 years is identical with a 25 year lease with an option to renew, and should be accorded the same tax treatment as the latter type of lease. The Tax Court overruled this contention. We agree. Closely analogous to the partnership's type of lease, is the contract considered in Commissioner v. Philadelphia Coke Co., 3 Cir., 130 F.2d 87, certiorari denied 317 U.S. 685, 63 S.Ct. 259, 87 L.Ed. 549 where it was held that the cost of improvements must be amortized over the full term of the contract despite the possibility of an earlier termination of the contract. Moreover, even on the assumption that the partnership's lease should be accorded the same tax treatment as a lease for 25 years with an option to renew, the petitioners can-

2. The opinion is reported in 28 T.C. 933.

not prevail, since the record contains no evidence that the option to terminate is likely to be exercised. The requirement of proof of probability of exercise of the option is clearly stated in 379 Madison Ave., Inc., v. Commissioner, 2 Cir., 60 F.2d 68, 70.

The decision of the Tax Court is affirmed.