The 1220 REALTY COMPANY, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

WHEELER–ANNEX PROPERTIES, INC., Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

Nos. 15052, 15053.

United States Court of Appeals
Sixth Circuit.

Sept. 16, 1963.

Elmer J. Babin, Cleveland, Ohio (Babin & Fink, Cleveland, Ohio, on the brief), for petitioners.

Meyer Rothwacks, Atty., Dept. of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Michael A. Mulroney, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondents.

Before MILLER and WEICK, Circuit Judges, and WILLIAM E. MILLER, District Judge.

WEICK, Circuit Judge.

The principal question presented is whether the assignees of two 99 year leases with unexpired terms of 64 and 68 years, respectively, were entitled to amortize their entire cost basis of acquiring the leases over the useful life of buildings located on the leased premises which they estimated at only 20 years.

The Tax Court, relying on David Dab, 28 T.C. 933, affirmed in Dab v. Commissioner, 255 F.2d 788 (C.A.2), held that the cost of acquisition must be amortized over a much longer period, namely, the unexpired terms of the leases.

Taxpayers in the present cases were corporations. They purchased all the outstanding shares of stock of another corporation named The Mills Real.Estate Company. The two 99 year leases in question were among the assets owned by Mills. The stock was purchased by taxpayers in order to acquire the leases. Mills was then liquidated and all of its assets including the leases were distributed to taxpayers. Formal assignments of the leases to taxpayers were executed and delivered to them.

As part of the purchase price for the Mills shares, taxpayers executed a joint note to the seller for $345,000 payable in instalments. Part of the net assets distributed to taxpayers in the liquidation of Mills were accepted by the payee as payment on the note and the balance was later paid in full. The taxpayers' cost basis for the two leases was $239,865.

The two 99 year leases covered two separate adjoining parcels of land in downtown Columbus, Ohio, located north of and adjoining the Deshler Hotel. One lease embraced the north 60 x 100 feet of the land in question and the second lease the south 20 x 88 feet of said land. Buildings had been erected on each parcel of land long prior to the execution of the 99 year leases. The ground rent on the first parcel was $26,000 a year and $15,000 annually on the second parcel. The lessee of each lease was required to maintain the building in good repair and replace it if destroyed. The lessee was obligated to pay all taxes, assessments and insurance premiums. The lease on the second parcel contained an option to purchase the fee for $300,000. The leases permitted the lessees to tear down the buildings if they erected new ones costing at least $100,000 for one property and $40,000 for the other.

Taxpayers operated the leased properties under a joint venture, High Lynn Property Account, and kept their books on the accrual method of accounting. They filed partnership income tax returns. Total gross annual rents collected by taxpayers amounted to $64,000.

In their income tax returns, taxpayers took deductions from income by amortizing their cost basis of the two leases amounting to $239,865, over a 20 year period which was their estimate of the useful life of the buildings on the leased premises. The Commissioner disallowed this and determined that the amortization should be taken over the longer period of the unexpired terms of the leases (64 and 68 years).

In the Tax Court taxpayers offered expert testimony of Robert L. Free, an appraiser of commercial properties, to the effect that the leased land was worth $700,000 on the date of acquisition of the leases by them and the buildings $260,000.

The following testimony of Mr. Free appears in the record:

"Q. Mr. Free, do you have an opinion as to the remaining useful life of these buildings on this leasehold estate on this property?

"A. I would say that the remaining economic life, meaning the period of time in which an investor would want to recapture his investment in it, would be twenty years from 1952 or 1953.

"I would say that the useful life is difficult to determine because that can be prolonged and the building occupied somewhat indefinitely if it keeps on being remodeled, so that I am not trying to dodge the question.

"It is just that there is a difference between a remaining economic life, and really, the remaining useful life of the buildings depends on whether anything is done to it from now on.

"Q. Assuming that this entire property was subject to a 99-year lease, renewable forever, providing for a net rental of $41,000 a year, and assuming that there were no buildings on the leased property but it was only land, in your opinion would such a lease have any value?

"A. The leasehold estate under such circumstances would have no value, in my opinion.

"Q. What is your reason for that statement?

"A. The reason for that statement is that actually based upon the rental values of stores in the area, and on what cases of land value there are, the land is worth around $700,-000, and that $41,000 a year ground rental would be equal to around 5.8% on the $700,000.

"And as of 1952 or 1953, why a ground rental of that type would have been listed lower if it had been secured by a building, a good building.

"Mr. Babin: Your witness."

Mr. Free also testified that the buildings "were upwards of 60 years, could be 80 years old."

Elmer J. Babin, another expert, who is attorney for the taxpayers testified that the leaseholds would have no value without buildings and he had given instructions to allocate the entire cost of acquisition to the buildings. The testimony of the experts was uncontradicted.

The statute relative to depreciation provides:

26 U.S.C. § 167.

"(a) General rule.—There shall be allowed as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence)—

"(1) of property used in the trade or business, or

"(2) of property held for the production of income."

The regulation relied on by the Commissioner in part provides: (Federal Tax Reg. § 1.162–11(a) )

"If a leasehold is acquired for business purposes for a specified sum, the purchaser may take as a deduction in his return an aliquot part of such sum each year, based on the number of years the lease has to run."

The Commissioner insists that the useful life of the buildings on the leased land is immaterial. He argues that taxpayers purchased only long term leases, not buildings; that taxpayers did not own or improve the buildings; that the cost of the leases should therefore be amortized over their unexpired terms. Dab v. Commissioner, supra; Century Electric Co. v. Commissioner, 192 F.2d 155 (C.A.8), cert. denied, 342 U.S. 954, 72 S.Ct. 625, 96 L.Ed. 708.

■ Where a lessee or assignee of a lease pays nothing except the stipulated rentals, he is not entitled to depreciate buildings or improvements erected on the leased premises by someone else for he has made no capital investment and has nothing to depreciate or amortize. Weiss v. Wiener, 279 U.S. 333, 49 S.Ct. 337, 73 L.Ed. 720; City National Bank Bldg. Co. v. Helvering, 68 App.D.C. 344, 98 F.2d 216 (C.A.D.C.).

■ The cost of buildings or improvements erected by a lessee or his assignee on leased premises, however, may be depreciated over the useful life of the buildings or the unexpired term of the lease whichever is shorter. Federal Tax Regs. §§ 1.162–11(b), 1.167(a)–4; Cogar v. Commissioner, 44 F.2d 554 (C.A.6); Lamson Bldg. Co. v. Commissioner, 141 F.2d 408 (C.A.6). It can be no longer than the end of the lease because at that time the lessee's interest in the buildings terminates.

■■ It is conceded here that a lease is a wasting asset and even if on vacant land the consideration paid for it by a lessee or assignee may be amortized over the unexpired term. The Commissioner contends that the rule is the same where buildings are located on leased premises. The trouble with this argument is that in the present case the consideration paid by the taxpayers was for leases on both land and buildings. Where the useful life of such buildings is less than the unexpired terms of the leases, in our opinion, there is no good reason why the portion of the cost allocable to the buildings should not be depreciated over their useful life. We think this was authorized by the statute and is implicit in Cogar v. Commissioner, supra, and in later cases. World Publishing Co. v. Commissioner, 299 F.2d 614 (C.A.8); Millinery Center Bldg. Corp. v. Commissioner, 221 F.2d 322 (C.A.2), affirmed 350 U.S. 456, 76 S.Ct. 493, 100 L.Ed. 545, and Wilshire Medical Properties, Inc. v. United States, 314 F.2d 333 (C.A.9).

The present case may be distinguished from Dab, supra, because of evidence offered by taxpayers "on which to posit a finding as to an allocation" which did not exist in Dab. Id., 255 F.2d 790.

■ We cannot, however, follow the argument of taxpayers that the entire cost of the leases should be allocated to the buildings and nothing for the valuable land. The land was located in downtown Columbus adjoining the Deshler Hotel, a short distance from the state capital buildings. We have difficulty in believing that taxpayers paid a bonus merely to acquire leases on old buildings without taking into account the valuable land or that in 20 years the leases on the land would be worthless.

The purchase agreement for the Mills stock contained no allocation of the purchase price with respect to any of the assets belonging to the corporation. In our judgment, this fact ought not to militate against the taking of depreciation on that portion of the cost of the leases which may reasonably be allocated to the buildings. The allocation may be made in respect to each lease in the proportion which the value of the building bears to the total value of land and building on each parcel.

The Tax Court made no findings as to the value of each parcel of land or of the value and useful life of the building on each parcel. This must be done on the remand and the portion of the cost al-

locable to each building depreciated over its useful life. The portion of the cost allocable to the land should be amortized over the unexpired term of the lease.

There is no merit in the other issue raised by taxpayers with respect to the claimed deduction for accrued interest on the note given for part of the purchase price. The liability of taxpayers for the payment of interest was merely contingent and hence they were not entitled to a deduction. Dixie Pine Products Co. v. Commissioner, 320 U.S. 516, 64 S.Ct. 364, 88 L.Ed. 270; United States v. Consolidated Edison Co., 366 U.S. 380, 81 S.Ct. 1326, 6 L.Ed.2d 356; Guardian Investment Corp. v. Phinney, 253 F.2d 326, 329 (C.A.5).

The decisions of the Tax Court are reversed with respect to the issue of amortization of the cost basis of the leases and the cases remanded for further proceedings not inconsistent with this opinion. The decisions are affirmed with respect to the issue as to the deductibility of accrued interest on the note.