The EDINBORO COMPANY, Plaintiff,

v.

The UNITED STATES of America,
Defendant.

Civ. A. No. 913.

United States District Court
W. D. Pennsylvania.

Sept. 25, 1963.

David Lund, Erie, Pa., for plaintiff.

P. H. Butler, U. S. Dept. of Justice,
Washington, D. C., for the United States.

WILLSON, District Judge.

This action was brought by plaintiff to recover deficiency tax assessments made by the District Director of the Internal Revenue in the total sum of $2,-235.31 for taxpayer's income taxes for the years 1958 and 1959, and which amounts were paid by the plaintiff, The Edinboro Company.

In 1955 the Edinboro Company purchased an 18 hole golf course situate on 166 acres of land for a flat sum of $200,-000.00. On its books and records the purchase price was allocated as follows:

| | |
|---|---|
| Land | $24,900.00 |
| 18-hole golf course improvements | 117,100.00 |
| Buildings | 40,000.00 |
| Equipment | 18,000.00 |

In its 1958 and 1959 income tax returns taxpayer sought to depreciate in each year 3% of the cost allocated to "18-hole golf course improvements," as well as a percentage of the price allocated to buildings and equipment. Upon auditing the returns the District Director of Internal Revenue disallowed the claimed depreciation for the 18-hole golf course, and assessed the deficiency in the taxpayer's income taxes for 1958 and 1959.

The government contends that the question presented is as follows:

"Is the taxpayer entitled to depreciate that part of its purchase price of an 18-hole golf course which was attributable to the molding of the earth's surface necessary to make a golf course?"

Plaintiff, on the other hand, says the question is:

"Is the item, golf course improvements, a depreciable asset under Section 167(a) of the Internal Revenue Code of 1954 as amended?"

The Court is of the opinion that the District Director of Internal Revenue correctly disallowed the depreciation taken by the plaintiff on The Edinboro Golf Course. His reasons were as follows:

"Allocation of costs, made out of original package purchases for an eighteen hole golf course (hard improvement) would be construed as a capital expenditure that is to be added to the cost of land allocation,

and is not subject to an allowance for depreciation."

Plaintiff's claim for refunds is based on Section 167 of the Internal Revenue Code, 1954. This Section provides:

"There shall be allowed as a depreciation deduction a reasonble allowance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence)—

"(1) of property used in the trade or business, or

"(2) of property held for the production of income."

The regulations enacted pursuant to this Section indicated as follows:

TITLE 26 C.F.R. § 1.167(a)–1

"(a) Reasonable allowance. Section 167(a) provides that a reasonable allowance for the exhaustion, wear and tear, and obsolescence of property used in the trade or business or of property held by the taxpayer for the production of income shall be allowed as a depreciation deduction."

TITLE 26 C.F.R. § 1.167(a)–2

"The depreciation allowance in the case of tangible property applies only to that part of the property which is subject to wear and tear, to decay or decline from natural causes, to exhaustion, and to obsolescence. The allowance does not apply to inventories or stock in trade, or to land apart from the improvements or physical development added to it."

 It is clear that land is not subject to depreciation allowance. The reason for this is that it has an unlimited useful life. The testimony of Ross Brown, Superintendent or Greens Keeper for Kahkwa Club Golf Course of Erie, Pa. for about 18 years, and of Herbert Vogt, professional Greens Keeper of Erie Golf Course at Erie, Pa. for about 28 years, indicated that if a golf course is regularly reseeded, resodded and irrigated, it does not wear out. In fact it was the opinion of Mr. Vogt that the depth of the sod usually increases as a result of constant maintenance and thus the quality of the course improves with the passage of time. The same principles apply when considering the improvements to a golf course such as tees, greens, fairways and traps as when considering the land itself. Such alterations to the land do not change its nature and bring it within the type of improvements to land which are subject to depreciation.

It is conceded by the government that some of the items included in the improvements to the Edinboro Course are depreciable. The shelters located at many of the holes and the irrigation system for example are of this type. However, under the regulations, to qualify for the depreciation of such items the taxpayer must allocate a part of his cost to them, 26 C.F.R. § 1.167(a)–5.

In this case the taxpayer's position is in a sense contradictory. The evidence showed that it leased the golf course to the Culbertson Country Club at an annual rental of $24,000.00. The lease requires that Culbertson maintain the golf course in a playable condition at all times. Although the lease was not put in evidence its terms were mentioned by witnesses, and the Court understands that Culbertson is the operator of the golf course, and as such is required to maintain it. Thus the expenses of upkeep and maintenance in so far as taxes are concerned are the ordinary expenses of doing business. The point is that the taxpayer in a written agreement has insulated itself against the very type of depreciation for which it now claims a refund.

It seems to the Court that an observation of golf courses in general is in order. All golfers know that St. Andrews in the British Isles is probably the oldest course in existence. It is hundreds of years old. It is still a championship course. Most of the famous courses in this country go back more than 50 years. It is a matter of common knowledge also that a golf course requires almost daily maintenance during the playing season.

A golf course is primarily a landscaping proposition. Occasionally a green or a trap or bunker is altered or rebuilt. However, it is likewise a matter of common knowledge that the better the maintenance the better the golf course.

 The testimony of the two witnesses Brown and Vogt indicates that golf courses after many years of careful maintenance are better courses than when originally built. It is my opinion that this is the general result because maintenance enhances the playing qualities and general characteristics of a golf course which does not depreciate or exhaust itself in the sense that that phrase is used in the tax laws. The government points out also in this case that the taxpayer introduced no evidence as to the duration of the useful life of the tees, greens and other parts of a golf course, and clearly points to Pohlen v. Commissioner of Internal Revenue, 165 F.2d 258, 259 (5 Cir. 1948), from which the following is taken:

> "A deduction for depreciation is expressly limited to the reasonable allowance for exhaustion, wear and tear of property used in business or in the production of income. Thus the statute does not include all property. There are even some kinds of property used in business on which depreciation is not allowable because none is sustained, and other property on which it is not allowable because any exhaustion which may occur is not susceptible of accurate measurement. Accordingly, in order to establish the right to depreciation, it is necessary to show that the property, whether tangible or intangible, will become exhausted within a definite period, which is known as its useful life, and which can be ascertained from specific terms, such as a contract, or can be determined from available facts." (Citations and footnotes omitted.)

This Court is in agreement with government counsel when he says that the tees, greens, fairways, traps and other hazards are not distinguishable from the land which is molded and reshaped to form them. Like the land they have an unlimited useful life. True, they are subject to scuffs because of the traffic of players upon them, but this type of wear is compensated for by the annual deduction permitted by Rev.Rul. 55–290 for the expenses of replacing seed, sod and soil. They are unlike a building which depreciates or wears in a manner not compensated for by the annual maintenance.

The defendant is entitled to judgment and the complaint is directed to be dismissed.