**LOMAS SANTA FE, INC., and Subsidiary Companies; Lomas Santa Fe Country Club, Norco Landscape & Maintenance Co., Petitioners and Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent and Appellee.**

**No. 81–7092.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 1, 1982.

Decided Nov. 1, 1982.

David R. Clark, Aylward, Kintz & Stiska, San Diego, Cal., for petitioners and appellants.

Libero Marinelli, Jr., Washington, D.C., argued, for respondent and appellee; Daniel F. Ross, Washington, D.C., on brief.

Before HUG, TANG and PREGERSON, Circuit Judges.

TANG, Circuit Judge:

This is an appeal from a Tax Court judgment in favor of the Commissioner. The issue presented is whether a taxpayer may claim a depreciation deduction under I.R.C. § 167 [1] for the amortization of an estate for years in real property if the estate was created by the taxpayer splitting its fee simple interest into two parts and conveying the remainder to a wholly owned subsidiary. We conclude that this estate for years is not depreciable for tax purposes and affirm the Tax Court.

The facts are carefully detailed in the Tax Court opinion. *See Lomas Santa Fe, Inc. v. Commissioner,* 74 T.C. 662, 663–70 (1980). To summarize, taxpayer Lomas

---

1. I.R.C. § 167(a) provides in pertinent part:
   There shall be allowed as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence)—

   (1) of property used in the trade or business, or
   (2) of property held for the production of income.

Santa Fe, Inc., as the first step in the development of a luxury residential community, purchased land in fee simple and built a golf course and country club. The golf course and country club were to serve as a marketing tool to promote the sale of adjacent residential properties.

To solve real estate title problems and to insulate the taxpayer and its operation from the membership of the country club, the taxpayer formed Lomas Santa Fe Country Club as a wholly owned subsidiary and transferred the assets of the golf course and country club to the subsidiary. Some assets were transferred outright, but some were transferred subject to a retained estate for forty years in the taxpayer.

The taxpayer claimed in tax year 1973 a depreciation deduction under I.R.C. § 167 due to the amortization of the estate for years. The Commissioner disallowed the deduction on the theory that both the creation of the subsidiary and the conveyance of assets to the subsidiary were not transacted for legitimate business purposes. On review, the Tax Court disagreed with the Commissioner's reasoning and held that the subsidiary's creation and the conveyance of assets to the subsidiary were legitimate business transactions and could not be disregarded for tax purposes. See id. at 670–79. The court nonetheless upheld the Commissioner's disallowance, ruling that an estate for years is nondepreciable for tax purposes if it is created by the taxpayer splitting its fee simple interest into two parts and conveying the remainder to a third party. Id. at 680–84.

DISCUSSION

■ This appeal presents a fact pattern that falls between the cracks of two well-settled tax rules. It is fundamental that a taxpayer may not claim a depreciation deduction for unimproved real property held in fee simple. See, e.g., Edinboro Co. v. United States, 224 F.Supp. 301, 302–03 (W.D.Pa.1963) (cost of acquiring golf course in fee simple not depreciable). It is equally clear, however, that a taxpayer may claim a depreciation deduction on the amortized value of a purchased leasehold, even if the property underlying the leasehold is non-depreciable. See, e.g., 1220 Realty Co. v. Commissioner, 322 F.2d 495, 498 (6th Cir. 1963) (lease on vacant land is depreciable over unexpired term). The taxpayer here claims a depreciation deduction for an estate for years; the estate, however, was created by the taxpayer retaining the estate as part of the taxpayer's sale of the underlying nondepreciable property to a third party.

■ The Tax Court, relying upon the reasoning of United States v. Georgia Railroad and Banking Co., 348 F.2d 278 (5th Cir. 1965), cert. denied, 382 U.S. 973, 86 S.Ct. 538, 15 L.Ed.2d 465 (1966), ruled that a taxpayer who holds nondepreciable real property in fee simple may not create a depreciable asset by carving out an estate for years for itself and conveying the remainder to a third party. See Lomas Santa Fe, Inc., 74 T.C. at 683–84.

The taxpayer argues that its ownership of the property in fee simple prior to the creation of its terminable interest should not affect the deductibility of the terminable interest's depreciation. We disagree. We, like the Tax Court, are disturbed by "the unsettling fact that Lomas apparently converted a patently non-depreciable asset to one which is depreciable by simply relinquishing part of its interest in that property." Id. at 680. We are persuaded that a taxpayer in such a situation has done nothing more than fragment its bundle of property rights at no expense to itself, and thus it has no added investment in the terminable interest to amortize or depreciate. See id. at 682–83; see also Georgia Railroad, 348 F.2d at 288–89.[2]

Past precedent does not compel otherwise. For tax purposes, this transaction's key feature is that the taxpayer obtained nothing that it did not already possess and paid no additional consideration for the terminable interest it created. The absence of an additional investment distinguishes this case from the line of authority permitting a taxpayer to depreciate a terminable interest

2. The taxpayer argues that Georgia Railroad does not apply here because, first, the only

right reserved there was a right to receive lease income, which is a nondepreciable right, and,

that is purchased subsequent to the taxpayer's acquisition of the remainder. *See, e.g., Bell v. Harrison,* 212 F.2d 253, 256 (7th Cir. 1954); *Triangle Publications, Inc. v. Commissioner,* 54 T.C. 138 (1970); *Fry v. Commissioner,* 31 T.C. 522, 527 (1958), *aff'd,* 283 F.2d 869 (6th Cir. 1960).

We also reject the taxpayer's argument that this transaction is comparable to the sales-leaseback transaction considered by the Tax Court in *Century Electric Co. v. Commissioner,* 15 T.C. 581 (1950), *aff'd,* 192 F.2d 155 (8th Cir. 1951), *cert. denied,* 342 U.S. 954, 72 S.Ct. 625, 96 L.Ed. 708 (1952). The taxpayer there sold land in fee simple to a college in exchange for cash and a 95-year lease on the property. Despite the taxpayer's prior outright ownership of the property, the Tax Court held that the taxpayer was entitled to a depreciation deduction on the amortized value of the lease. *Id.* at 595–96.

While facially similar to the situation here, *Century Electric's* result turned on the Tax Court's characterization of the transaction as a like-kind exchange where a fee simple interest was exchanged for cash and leasehold interest. *Id.* at 595. This analogy to a like-kind exchange does not extend to the transaction here. Nothing akin to a like-kind exchange has occurred; the taxpayer has acquired its terminable interest not from another party, as in *Century Electric,* but by reserving the interest in a sale of the property.

Nor is it relevant that the transaction here could have been easily restructured to conform with the sales-leaseback transaction approved in *Century Electric.* While we are not insensitive to the need to tax like transactions alike, *see, e.g., Bercy Industries, Inc. v. Commissioner,* 640 F.2d 1058, 1062 (9th Cir. 1981), it is ultimately up to the taxpayer and not the courts to struc-

ture transactions in a manner eligible for favorable tax treatment, *see, e.g., Commissioner v. National Alfalfa Dehydrating & Milling Co.,* 417 U.S. 134, 148–49, 94 S.Ct. 2129, 2136–2137, 40 L.Ed.2d 717 (1974).

AFFIRMED.

PREGERSON, Circuit Judge, dissenting.

I dissent. The transaction described in the Majority's Opinion was structured by the taxpayer for valid business purposes. I am of the view that the estate for years retained by taxpayer satisfies the requirements for a depreciation deduction under I.R.C. § 167. I do not find this result to be unsettling, but if it is, then Congress should take the appropriate corrective action to amend the statute.

---

second, the taxpayer there could not establish a cost basis for its interest. These distinctions are not persuasive. The first distinction overlooks that the *Georgia Railroad* taxpayer sought to depreciate its terminable interest in the stock and not the underlying right to receive income. 348 F.2d at 286–87. Depreciation on the terminable interest would have been presumably deductible had the taxpayer pur-

chased only the terminable interest from a third party, despite the nondepreciability of the asset underlying the interest. The second distinction is equally meritless. Both here and in *Georgia Railroad,* the taxpayer's basis in the terminable interest was calculated as a function of the basis in the underlying asset before it was divided. *Id.*