**NOT FOR PUBLICATION**

DEC 22 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN BAGENT, | No. 10-17601 |
| Plaintiff - Appellant, | D.C. No. 1:06-cv-01842-LJO-SMS |
| v. | |
| RICHARD PIERCE, Sheriff, | MEMORANDUM[*] |
| Defendant, | |
| and | |
| MARGARET MIMMS, Asst. Sheriff; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted December 19, 2011[**]

Before: GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

John Bagent, a civilly committed sexually violent predator, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging, inter alia, that defendant Transcor America, LLC violated his procedural and substantive due process rights while transporting him from a jail to a state hospital by failing to segregate him from criminally committed passengers and for otherwise mistreating him.[1] We have jurisdiction under 28 U.S.C. § 1291. We review de novo the decision to grant summary judgment. *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004). We affirm.

Bagent's arguments relating to California Penal Code sections 1610 and 4002 are unavailing because those sections address confinement in a "room,"[2] "housing"[3] or "facility" (defined to include "a state hospital, a local treatment facility, a county jail, or any other appropriate facility"),[4] and are therefore inapplicable to Bagent's brief time spent in a Transcor bus. *Conn. Nat'l Bank v.*

---

[1] Because Bagent's opening brief addresses only the order granting summary judgment to Transcor, he has waived any claim regarding the order in favor of defendants Margaret Mims and Gary Johnson. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

[2] Cal. Penal Code § 4002(a).

[3] *Id.* § 4002(b).

[4] Cal. Penal Code § 1610(b).

*Germain*, 503 U.S. 249, 253–54 (1992); *Wilkin v. United States*, 809 F.2d 1400, 1401 (9th Cir. 1987).

With respect to his procedural due process claims, Bagent fails to controvert evidence that any restraint on his liberty interests was amply outweighed by an interest in the safety and security of everyone on the bus, including him, the other passengers, and Transcor employees. *See Youngberg v. Romero*, 457 U.S. 307, 321 (1982). Because Bagent failed to rebut evidence that Transcor's treatment of him was neither punitive,[5] nor "'clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare,'"[6] and because he had no protected liberty interest in enjoying a greater degree of comfort than Transcor provided him while in its care,[7] summary judgment was also appropriate with respect to his substantive due process claim.

Because we conclude that Bagent's constitutional rights were not violated, we need not address his remaining contentions.

**AFFIRMED.**

---

[5]     *See Jones*, 393 F.3d at 932–33.

[6]     *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996), *overruled in part on other grounds as recognized by Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086 (9th Cir. 2007).

[7]     *See Bell v. Wolfish*, 441 U.S. 520, 534–35 (1979).