FILED

SEP 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WILLIAM JACKSON KITCHENS,

Plaintiff-Appellant,

v.

MARGARET MIMS, Asst. Sheriff,

Defendant-Appellee.

No. 15-15230

D.C. No. 1:05-cv-01567-DCB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
David C. Bury, District Judge, Presiding

Submitted September 13, 2016[**]

Before:    HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

William Jackson Kitchens, a civil detainee, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging constitutional claims arising from his detention in Fresno County jail pending adjudication of his civil commitment under California's Sexually Violent Predator Act. We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo cross-motions for summary judgment. *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011). We affirm.

The district court properly granted summary judgment for defendant Mims because Kitchens failed to raise a genuine dispute of material fact as to whether Mims was personally involved in or caused a constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (a supervisor is liable under § 1983 only if he or she is personally involved in the constitutional deprivation or there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation" (citation and internal quotation marks omitted)); *see also Redman v. County of San Diego*, 942 F.2d 1435, 1449 (9th Cir. 1991) (en banc) (summary judgment was proper where law enforcement officer was not responsible for developing or promulgating facility policies, or otherwise directly involved in the constitutional violation).

We do not consider Kitchens's claims regarding a strip search or claims against any other defendant because a prior decision of this Court affirmed the district court's order granting summary judgment on those claims. *See Kitchens v. Pierce*, 584 F. App'x 302 (9th Cir. 2014); *Merritt v. Mackey*, 932 F.2d 1317, 1320 (9th Cir. 1991) (under the law of the case doctrine, an appellate court panel will not

15-15230

reconsider questions that another panel has previously decided in the same case).

**AFFIRMED.**